IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01370-MEH

DAVID A. RICHESON,

    Plaintiff,

v.

PHILIP J. WEISER, in his official capacity as the
Attorney General for Colorado,

    Defendant.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

    Plaintiff David A. Richeson, a *pro se* litigant, alleges constitutional rights violations by Defendant. ECF 1 at 4. He brings claims pursuant to 42 U.S.C. § 1983 in his Complaint against Defendant in his official capacity as Colorado State Attorney General for violations of the Fourteenth Amendment. *Id*. Before the Court is Defendant's Motion to Dismiss ("Motion"). ECF 8. The Motion is fully briefed, and the Court does not find that oral argument will materially assist in its adjudication. As set forth below, the Court respectfully recommends granting the Motion without leave to amend.

### FACTUAL BACKGROUND

    The following are factual allegations (as opposed to legal conclusions, bare assertions, or conclusory allegations) made by Plaintiff in his Complaint, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

    Plaintiff alleges he was designated as "incapacitated" by Colorado State and El Paso County, Colorado "in or around . . . 2010." ECF 1 at 4. As stated, this occurred "via court actions

1

lacking . . . due process." *Id*. Plaintiff purports this caused "significant torts," including losing his home, "business address," and a "[c]ontinu[al] deprivation of rights" to his person. *Id*. The Court is uncertain if Plaintiff is making a state tort law claim or if all his claims are under Title 42 U.S.C. § 1983 ("Section 1983"). Plaintiff also leaves unclear what role Defendant played and how there was a due process violation.

In his Complaint, Plaintiff references a Colorado House Bill[1] ("Bill") that "would mandate . . . currently lacking fundamental due process." Supposedly, the Bill affirms there was a due process violation to his person. *Id*. It is unclear if Plaintiff is including the Bill as factual support for his allegations.

The Court notices Plaintiff's past federal lawsuit that may be based upon similar, if not the same, factual allegations. *Richeson v. United States*, No. 20-cv-02086-LTB-GPG, 2020 WL 9432913 (D. Colo. Nov. 3, 2020); *see also Richeson v. United States*, 849 F. App'x 726, 728 (10th Cir. 2021). That action concerned a claim against the United States under the Federal Torts Claim Act. *Id*.

In that lawsuit, Magistrate Judge Gallagher ordered Plaintiff to amend his complaint twice for failure to state a claim. *Id*. All versions of Plaintiff's complaint only made conclusory allegations of general wrongdoing, and none stated supporting facts. *Id*. Ultimately, Magistrate Judge Gallagher recommended dismissal on those grounds, and the District Court judge agreed. *Id*. Plaintiff appealed that judgment to the Tenth Circuit Court of Appeals, which affirmed the lower court's dismissal. *Richeson v. United States*, 849 F. App'x 726, 728 (10th Cir. 2021). In his appeal brief from that prior suit, Plaintiff claimed he was labeled "'incapacitated' . . . at the federal

---

[1] Colorado HB 22-1271 was a bill in state legislature that did not pass. Plaintiff, representing himself, testified in support of the bill. He does not state this in his Complaint, but the Court reviewed the bill and its history, making this observation on its own.

or State of Colorado level." Brief for Petitioner-Appellant at *6, *Richeson*, 849 F. App'x 726 (10th Cir. Feb. 1, 2021).

Plaintiff filed this action on June 1, 2022. Plaintiff asks for monetary damages in the amount of $4,500,000. ECF 1 at 5.

## LEGAL STANDARDS

### I.     Fed. R. Civ. P. 12(b)(6)

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 680. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

Plausibility refers "'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will

vary based on context." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1192.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id*. (quotation marks and citation omitted).

## II.     Treatment of *Pro Se* Complaint

A *pro se* plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)). The Tenth Circuit interpreted this rule to mean, if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the plaintiff's

4

failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Hall*, 935 F.2d at 1110). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110).

## DISCUSSION

### I. Due Process Claim

Complaints serve two purposes: (1) to give the opposing parties fair notice of the grounds for the claims against them; and (2) to show how the plaintiff would be entitled to relief if the allegations were proven true. *Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989). That is why Rule 8 requires complaints to contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for relief sought." Fed. R. Civ. P. 8(a). The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. The Court explains below why Plaintiff fails to meet the elements required to state a Section 1983 theory and the other legal defects that bar it.

### A. Failure to State a Section 1983 Due Process Claim

Plaintiff brings claims pursuant to Section 1983 (ECF 1 at 3), the vehicle by which he can sue a state actor for an alleged constitutional violation. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002). For Section 1983 purposes, Defendant is the state itself when sued in his official capacity.

5

*Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (explaining that state officials are the state itself for official capacity claims). In official capacity suits, a "'policy or custom' must have played a part in the violation of federal law." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 654 (1978)). To properly assert a Section 1983 theory, Plaintiff's Complaint must show a direct causal link between Defendant and the alleged violation. Specifically, Plaintiff must show that the alleged violation is a result of a policy or custom.

Plaintiff claims the due process violation occurred when he was designated as "incapacitated." ECF 1 at 4. Yet the Complaint omits any supporting facts for this, nor does it show the requisite direct causal relationship to bring suit. *Id*. Even when construed liberally, conclusory allegations, such as the ones in Plaintiff's Complaint, do not entitle a *pro se* litigant to an action. *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), aff'd, 961 F.2d 916 (10th Cir. 1992). The Court and Defendant are not obligated to speculate what Plaintiff's assertions or supporting factual allegations are. Ultimately, Plaintiff's conclusory allegations fail to state a Section 1983 claim.

**B.     The Statute of Limitations bars the Section 1983 Claim**

In the State of Colorado, Section 1983 claims must commence "two years from the time the cause of action accrued." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *see also Carbajal v. McCann*, 808 F. App'x 620, 633 (10th Cir. 2020). A claim accrues when the defendant committed the wrong and the plaintiff suffered the injury. *Colby v. Herrick*, 849 F.3d 1273, 1279 (10th Cir. 2017). This action commenced in June 2022 when Plaintiff filed his Complaint; however, it is based on events "in or around . . . 2010." *Id*. at 1, 4. Therefore, the statute of limitations expired in 2012, and this action is ten years late. *Fogle*, 435 F.3d 1258.

In his Response, Plaintiff argues that his claim is not time barred due to a "continuing offense." ECF 14 at 2. Under the continuing violation doctrine, "one violation continues when 'the conduct as a whole can be considered as a single course of conduct.'" *Sierra Club v. Oklahoma Gas & Elec. Co.*, 816 F.3d 666, 672 (10th Cir. 2016) (quoting *Birkelbach v. SEC*, 751 F.3d 472, 479 n. 7 (7th Cir. 2014)). In other words, the continual ill effects from the original violation are not actionable; there must be a continuation of illicit conduct. *Mata v. Anderson*, 635 F.3d 1250, 1253 (10th Cir. 2011) (explaining the difference between continual ill effects from the original violation and continual unlawful acts). Therefore, Plaintiff cannot bring this claim as the Complaint only contains allegations of continual ill effects.

## II.     Eleventh Amendment Sovereign Immunity

In his Motion, Defendant asserts immunity from Plaintiff's lawsuit. The Eleventh Amendment provides "[t]he Judicial power . . . shall not be construed to extend to any suit in law . . . commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. In general, a state may not be sued in federal court for damages. *Ambus v. Granite Bd. of Educ.*, 975 F.2d 1555, 1560 (10th Cir. 1992). That immunity extends to state officials sued in their official capacity. *Id*. (finding that the Eleventh Amendment bars suit unless the state waives immunity); *see also Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (explaining that the Eleventh Amendment bars suits when state officials are sued, in their official capacity, for damages). Accordingly, Defendant enjoys Eleventh Amendment immunity. *Crone v. Dep't of Human Servs.*, No. 11-cv-02270-WJM-CBS, 2012 WL 5832438, at *9 (D. Colo. Oct. 5, 2012). The claims should be dismissed without prejudice pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. *Id*.

### III.   Tort Claim

Plaintiff mentions "significant torts" in his Complaint; however, he leaves unclear if he intends to bring an additional tort law claim. ECF 1 at 4. If so, the Colorado Government Immunity Act ("CGIA") may apply. Colo. Rev. Stat. § 24-10-101 through 120. The CGIA protects public entities from tort claims absent an express waiver of sovereign immunity. Colo. Rev. Stat. § 24-10-105(1). A plaintiff has the burden of showing an express waiver. *Medina v. State*, 35 P.3d 443, 452 (Colo. 2001). Plaintiff has not met this burden, and therefore failed to state a CGIA tort law claim.

### IV.   No Leave to Amend

Finding that Plaintiff has unsuccessfully pleaded his claim, the Court now turns to the issue of whether to recommend dismissal of the claims with or without prejudice. In cases involving pro se litigants, the Tenth Circuit has found that courts should dismiss with leave to amend where there is a possibility that the litigant can correct the defect in the pleading. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). Dismissal without prejudice is preferable where the deficiencies are "likely the result of an untutored pro se litigant's ignorance of special pleading requirements." *Id*. It is notable however, that these litigants "are not insulated from the rule that dismissal with prejudice is proper for failure to state a claim." *Fleming v. Coulter*, 573 F. App'x 765, 769 (10th Cir. 2014). This is especially true where the litigant cannot succeed on the alleged facts. *Id*.

During his past lawsuit, Plaintiff was ordered to amend his complaint twice due to conclusory allegations and no supporting facts. *Richeson*, 2020 WL 9432913, at *2. The same pleading defect is present in this lawsuit, and Plaintiff failed to plausibly allege his claims. There is little reason to believe that Plaintiff would be successful on a future amendment. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) ("We have stated that '[d]ismissal of a pro se

complaint for failure to state a claim is proper only where . . . it would be futile to give him an opportunity to amend.'" (quoting *Perkins*, *v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)). As such, the Court recommends Plaintiff's claims against Defendant be dismissed with prejudice.

## CONCLUSION

Accordingly, the Court respectfully recommends that Defendant's Motion [filed June 22, 2022; ECF 8] be **granted** without leave to amend.[2] The Court directs the Clerk of the Court to reassign this case to a District Judge pursuant to D.C. Colo. LCivR 40.1(a).

Dated at Denver, Colorado, this 1st day of August, 2022.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).