IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 22-cv-01370-NYW-MEH

DAVID ALLEN RICHESON,

    Plaintiff,

v.

PHILIP J. WEISER, in his official capacity as the Attorney General for Colorado,

    Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the Court on the Recommendation of United States Magistrate Judge Michael E. Hegarty ("Recommendation"), [Doc. 20, filed August 1, 2022], arising from the Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss") filed by Defendant Philip J. Weiser, in his official capacity as the Attorney General for Colorado ("Defendant" or "Attorney General Weiser"). [Doc. 8, filed June 22, 2022]. Also before the Court are the following pending motions:

(1)    The Motion to Reconsider & Immediately Change Court Order Dated 1 August 2022 Denying Plaintiff's Motions to Compel ("Motion to Reconsider") filed by Plaintiff David Allen Richeson ("Plaintiff" or "Mr. Richeson"), [Doc. 23, filed August 5, 2022];

(2)    The Motion to Request Status of Scheduling Order & Requirement to Participate in a "Conference of the Parties" Per Order Referring Case—Docket Item #26 ("First Motion to Request Status") filed by Plaintiff, [Doc. 36, filed October 6, 2022]; and

(3)    A second Motion to Request Status ("Second Motion to Request Status") filed by Plaintiff, [Doc. 37, filed October 7, 2022].

Mr. Richeson filed an Objection to the Recommendation, [Doc. 24, filed August 8, 2022], to which Attorney General Weiser responded, [Doc. 29, filed August 22, 2022]. The issues are fully briefed and are ripe for review. For the reasons stated below, Plaintiff's Objection is **OVERRULED**, and the Recommendation is **ADOPTED**. In addition, the Motion to Reconsider, the First Motion to Request Status, and the Second Motion to Request Status are **DENIED as moot.**

## BACKGROUND

Plaintiff initiated this action on June 1, 2022 by the filing of a *pro se* Complaint. [Doc. 1]. In the Complaint, Mr. Richeson invokes 42 U.S.C. § 1983, a "Civil Action for Deprivation of Rights." [*Id.* at 3]. He recites the following supporting facts, in their entirety:

> Colorado State and El Paso County Colorado via court actions lacking fundamental constitutionally afforded Due Process labeled my person to be in an "incapacitated" / "protected person" state as an adult citizen in or around calendar year 2010. The fundamental lack of constitutionally afforded Due Process to my person in this legal action is affirmed in fact by the 2022 Colorado General Assembly introducing Colorado House Bill 22-1271 "Rights of Protected Persons", which would mandate appropriate, timely and currently lacking fundamental Due Process in such legal actions. This gross initial violation of basic constitutional and civil rights set in motion a series of significant torts, losses and continued deprivation of rights to my person/professional interest as detailed in my 25 October 2018 formal Legal Demand Letter to the Colorado State Attorney General's Office, in addition to the more recent 24 November 2021 formal Legal Demand Letter to the Colorado State Attorney General. Losses included my only home and SBA HUB-Zone certified business address and the ability to pursue appropriate professional—occupational interest and associated income potential as an adult citizen and former field grade military officer. Tangible/intangible losses are listed in the 22 July 2021 formal complaint [#2021-1953] to the Colorado State Office of Attorney Regulation Counsel. Continued deprivation of rights along with continued pain and suffering are detailed in the 7 March 2022 formal complaint to the Colorado State 2nd District Attorney Mrs. Beth McCann.

[*Id.* at 4]. Mr. Richeson demands a "Sum Certain Demand Of $4,500,000.00." [*Id.* at 5].

On June 22, 2022, Attorney General Weiser filed the Motion to Dismiss, [Doc. 8], arguing that even applying pro se pleading standards, Plaintiff's claim is barred by both the statute of

2

limitations and by Eleventh Amendment immunity; that his allegations also fail to state a claim upon which any relief can be granted; and to the extent that Plaintiff's allegations may be construed as a state law tort claim, such claim is barred by the Colorado Governmental Immunity Act ("CGIA"). [*Id*. at 3]. Mr. Richeson filed a "Motion to Respond to Defendant's Motion to Dismiss Plaintiff Complaint," [Doc. 14], which this Court construes as a Response to the Motion to Dismiss. In the Response, Plaintiff opposes dismissal, arguing that the statute of limitations has not expired because he claims a "continuing offense"; that Eleventh Amendment immunity does not apply to Defendant due to 18 U.S.C. § 242; and that his "previous and current legal notices of grievances to the Colorado State Attorney General and the office of [sic], cite specific losses, torts, and continued horrid treatment that any reasonable person would construe to be valid legal claims and blatant wrongful acts." [*Id.* at 2–3].

***Recommendation of the United States Magistrate Judge.*** In his Recommendation dated August 1, 2022, Judge Hegarty first recognized the standard that applies to *pro se* litigants. [Doc. 20 at 4–5]. The Court affords the filings of a pro se litigant liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). As Judge Hegarty stated, "[t]he Tenth Circuit interpreted this rule to mean, if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." [Doc. 20 at 4–5 (internal quotation marks and brackets omitted) (quoting *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013))]. But "it is not the proper function of the district court to assume the role of advocate for the *pro se* litigant." [*Id.* at 5 (internal quotation marks omitted) (quoting *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005))].

3

Next, Judge Hegarty reviewed the factual allegations reflected in the Complaint and found that Mr. Richeson failed to state a claim for any due process violation under 42 U.S.C. § 1983 because he failed to show a direct causal link between Defendant and the alleged violation that is a result of a policy or custom. [*Id.* at 6]. He further found that Plaintiff's claim was based on events "in or around . . . 2010," and as such, the statute of limitation for a § 1983 action expired in 2012. [*Id.*]. Judge Hegarty further explained that Mr. Richeson's invocation of the continuing violation doctrine was inapplicable, because to invoke that doctrine, there must be a continuation of illegal conduct, rather than continual ill effects of an original violation. [*Id.* at 7 (*citing Mata v. Anderson*, 635 F.3d 1250, 1253 (10th Cir. 2011)]. Judge Hegarty further found that because Defendant was sued in his official capacity as Attorney General for Colorado, he was entitled to Eleventh Amendment immunity. [*Id.* (citing *Crone v. Dep't of Human Servs.*, No. 11-cv-02270-WJM-CBS, 2012 WL 5832438, at *9 (D. Colo. Oct. 5, 2012))]. Judge Hegarty also concluded that any tort claim was barred under the CGIA. [*Id.* at 8]. Finally, Judge Hegarty recommended that Defendant's Motion to Dismiss be granted, and that leave to amend be denied. [*Id.* at 8–9].[1]

## ANALYSIS

### I. Standard of Review

The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). In the absence of an objection, the district

---

[1] On August 5, 2022, Plaintiff filed the Motion to Reconsider, [Doc. 23], and he later filed the First Motion to Request Status on October 6, 2022, [Doc. 36], and the Second Motion to Request Status on October 7, 2022, [Doc. 37].

court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

## II.     Plaintiff's Objection

On August 8, 2022, Mr. Richeson filed a timely Objection. [Doc. 24]. In his Objection, Plaintiff clarified that his claims and related damages were only brought pursuant to 42 U.S.C. § 1983. [*Id.* at 4]. Specifically, Mr. Richeson states, "Plaintiff now clearly states in addition to the declaration [Claim One] on formal complaint, all claims and related damages are being claimed under the Title 42 USC § 1983 violation—cause of action for legal redress/relief." [*Id.* (alterations in original)]. Though not entirely clear, Plaintiff argues that "the Legal Demand Letter given to the defendant in November of 2021" showed the alleged violation—i.e., decreeing Mr. Richeson to be a Colorado State "Protected Person"—was a result of policy or custom and that no statute of limitations has accrued. [*Id.*]. In response to Plaintiff's Objection, Defendant contends that Judge Hegarty applied the appropriate standards and Eleventh Amendment immunity bars the action against Attorney General Weiser. *See* [Doc. 29]. This Court thus limits its review on Judge Hegarty's Recommendation to the portions thereof regarding Plaintiff's claims arising under § 1983.

## III.    Application

***Eleventh Amendment Immunity.*** Federal courts are courts of limited jurisdiction and, as such, "are duty bound to examine facts and law in every lawsuit before them to ensure that they possess subject matter jurisdiction." *Wilderness Soc. v. Kane Cnty.*, 632 F.3d 1162, 1179 n.3 (10th

5

Cir. 2011) (Gorsuch, J., concurring); *see also Cellport Sys., Inc. v. Peiker Acustic GMBH & Co. KG*, 762 F.3d 1016, 1029 (10th Cir. 2014) (explaining that courts have an independent obligation to ensure subject matter jurisdiction exists). Eleventh Amendment sovereign immunity implicates this court's subject matter jurisdiction. *See, e.g., Havens v. Colo. Dep't of Corrs.*, 897 F.3d 1250, 1260 (10th Cir. 2018) (discussing the relationship between Eleventh Amendment immunity and jurisdictional issues); *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011) ("State sovereign immunity is more than immunity from liability—it actually deprives federal courts of subject-matter jurisdiction.") (citing *Edelman v. Jordan*, 415 U.S. 651, 678 (1974)); *United States v. Orenduff*, 548 F.3d 931, 941 (10th Cir. 2008) (noting that the "Eleventh Amendment immunity doctrine . . . contain[s] traits more akin to subject-matter jurisdiction"). The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state." *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009).

Here, there is no dispute that Plaintiff is suing Defendant in his official capacity as Attorney General for Colorado and that he seeks monetary damages in the amount of $ 4,500,000.00. [Doc. 1 at 1, 5]. But it is axiomatic that "[t]he Eleventh Amendment precludes anyone from suing an arm of the state or asserting a damage claim against state officers in their official capacities." *Colby v. Herrick*, 849 F.3d 1273, 1276 (10th Cir. 2017). Thus, this Court concludes that Judge Hegarty properly found the Court lacks subject matter jurisdiction over Mr. Richeson's claims against Attorney General Weiser.

***With Prejudice.***  Judge Hegarty also recommends that Plaintiff's claims be dismissed with prejudice.  [Doc. 20 at 8–9].  But that recommendation assumed that Plaintiff was pursuing claims other than ones under 42 U.S.C. § 1983.  *See generally* [Doc. 20].   In recommending dismissal based on Eleventh Amendment immunity, Judge Hegarty properly recommended that such claims under § 1983 be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  [Doc. 20 at 7 (citing *Crone*, 2012 WL 5832438, at *9)]; *see also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

Having found that it lacks subject matter jurisdiction, this Court does not consider the other bases for the Recommendation, or the underlying arguments by the Parties, because it cannot proceed to considering substantive issues if it does not have subject matter jurisdiction.  *See Colo. Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 544 (10th Cir. 2016) (observing that a federal court cannot assume subject matter jurisdiction because, if none exists, it "may go no further").  It also follows that any requested discovery, the Motion to Reconsider, and the First and Second Motions to Request Status are moot.

## CONCLUSION

For the reasons set forth above, after de novo review,  **IT IS ORDERED** that:

(1) The Recommendation of United States Magistrate Judge [Doc. 20] is **ADOPTED**;

(2) The Motion to Dismiss filed by Defendant Philip J. Weiser, in his official capacity as Attorney General for Colorado [Doc. 8] is **GRANTED**;

(3) All claims against Defendant are **DISMISSED without prejudice**;

(4) The Motion to Reconsider & Immediately Change Court Order Dated 1 August 2022 Denying Plaintiff's Motions to Compel [Doc. 23] is **DENIED as moot**;

(5) Both Motion[s] to Request Status of Scheduling Order & Requirement to Participate in a "Conference of the Parties" Per Order Referring Case—Docket Item #26 [Doc. 36; Doc. 37] are **DENIED as moot**; and

(6) Defendant is awarded its costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED: October 12, 2022

BY THE COURT:

_____
Nina Y. Wang
United States District Judge