**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 22-cv-01370-NYW-MEH

DAVID ALLEN RICHESON,

    Plaintiff,

v.

PHILIP J. WEISER, in his official capacity as the Attorney General for Colorado,

    Defendant.

## ORDER

    This matter is before the Court on two motions filed by pro se Plaintiff David Allen Richeson ("Plaintiff"): (1) "Post Judgment Motion for Federal Court to Compel—Order Defendant Immediately Stop Criminal Victimization & Ongoing Criminal Neglect—Deprivation of Rights Directed Towards Plaintiff" [Doc. 41, filed October 18, 2022]; and (2) "2nd Post Judgment Motion for Federal Court to Compel—Order Defendant Immediately Stop Criminal Victimization & Ongoing Criminal Neglect—Deprivation of Rights Directed Towards Plaintiff" [Doc. 49, filed November 7, 2022] (collectively, the "Motions").

    The background of this matter was thoroughly set forth in the Recommendation of the United States Magistrate Judge ("Recommendation"). *See* [Doc. 34]. On October 12, 2022, this Court adopted the Recommendation, and dismissed this matter. [Doc. 38 at 7]. Final judgment was entered in favor of Defendant the same day. [Doc. 39]. On November 1, 2022, Plaintiff filed an appeal with the Tenth Circuit Court of Appeals. *See* [Doc. 43].

    In the instant Motions, Plaintiff complains that Defendant is ignoring his obligations to Plaintiff's fundamental interests. *See* [Doc. 41; Doc. 49]. Plaintiff's requests for relief include

ordering Defendant to "immediately stop [P]laintiff's gross criminal victimization to include blatant ongoing criminal neglect." [Doc. 41 at 4; Doc. 49 at 4]. Plaintiff states that the relief he requests "can be facilitated by complying with the three listed legal demands as detailed in the Motion to Immediately Compel Defendant Stop Reckless Endangerment—Culpable Negligence Towards Plaintiff, court docket item #32." [Doc. 41 at 4; Doc. 49 at 4].

Relevant here, on September 6, 2022, the Honorable Michael E. Hegarty denied as moot the "Motion to Immediately Compel Defendant Stop Reckless Endangerment—Culpable Negligence Towards Plaintiff" that Plaintiff references in the instant Motions, [Doc. 32], for two reasons. *See* [Doc. 34]. First, Judge Hegarty stated that he had already recommended that this case be dismissed with prejudice due to various legal defects including the failure to state an actionable claim for relief, and Plaintiff had already objected to that Recommendation. Therefore, the record already contained Plaintiff's arguments in support of his claims for relief. [*Id.*]. Second, Judge Hegarty explained that:

> in a broader sense, there is no need for the Court to compel Defendant to comply with the law. Those obligations already exist. At issue is whether Defendant violated any legal obligations. As indicated above, the Court recommends that Plaintiff pleads no actionable claim for relief.

[*Id.*].

Because Plaintiff is acting *pro se*, the Court reads his filings liberally. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991). However, the Court may not act as a *pro se* litigant's advocate. *See id.* Generally, the filing of a notice of appeal divests the district court of jurisdiction over the issues on appeal. *See Lancaster v. Independent School Dist. No. 5,* 149 F.3d 1228, 1237 (10th Cir. 1998). However, in limited circumstances a district court may deny a motion under Federal Rule of Civil Procedure 59(e) on the merits even after the filing of a notice of appeal. *See, e.g., Warren v. American Bankers Ins. of Florida,* 507 F.3d 1239, 1244 (10th Cir. 2007); *see also Mayhew v. Cherry Creek Mortg. Co., Inc.*, No. 09-cv-00219-PAB-CBS, 2010 WL 4180754, at *1

(D. Colo. Oct. 20, 2010) (explaining that for purposes of resolving a Rule 59(e) motion, "it does not matter" whether the notice of appeal or the Rule 59(e) motion was filed first). Reading the instant Motions liberally, the Court construes them as motions for post-judgment relief under Federal Rule of Civil Procedure 59(e), which provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e); *see also Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (noting that motions to reconsider filed within 28 days after the judgment are generally analyzed under Rule 59, and any later motions are analyzed under Rule 60).

Relief under Rule 59(e) is limited: "Rule 59(e) relief is appropriate only where the court has misapprehended the facts, a party's position, or the controlling law." *Barber ex rel. Barber v. Colo. Dep't of Revenue,* 562 F.3d 1222, 1228 (10th Cir. 2009) (internal quotation marks omitted). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000).

Upon consideration of the instant Motions, the Court finds that Plaintiff fails to demonstrate the existence of an intervening change in controlling law or new evidence and fails to convince the Court of any need to correct clear error or prevent manifest injustice. Moreover, the Court finds that the relief Plaintiff requests in the Motions lacks specificity.

## CONCLUSION

For the foregoing reasons, the "Post Judgment Motion for Federal Court to Compel—Order Defendant Immediately Stop Criminal Victimization & Ongoing Criminal Neglect—Deprivation of Rights Directed Towards Plaintiff" [Doc. 41] and the "2nd Post Judgment Motion for Federal Court to Compel—Order Defendant Immediately Stop Criminal Victimization & Ongoing

Criminal Neglect—Deprivation of Rights Directed Towards Plaintiff" [Doc. 49] are respectfully **DENIED**.

DATED: November 9, 2022

BY THE COURT:

_____
Nina Y. Wang
United States District Judge